## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DEZARA WOLFE,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0351-19-0283-I-1 |
| 　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　Agency. | DATE: May 10, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kim Carpenter</u>, Esquire, Sylva, North Carolina, for the appellant.

<u>Julie A. Sammons</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her appeal of her separation through reduction in force (RIF) procedures. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, FIND the appeal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

was timely filed, and REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective December 13, 2018, the agency separated the appellant from her Diagnostic Radiologic Technologist position with the Indian Health Service through RIF procedures. Initial Appeal File (IAF), Tab 1 at 11-13. On February 17, 2019, the appellant filed her appeal and requested a hearing. *Id.* at 1-2. The administrative judge subsequently issued a timeliness order informing the appellant that her appeal appeared to be untimely and directed her to file evidence and argument to prove either that her appeal was timely filed or that good cause existed for her untimely filing. IAF, Tab 11. The appellant did not respond to the timeliness order. In an initial decision, the administrative judge dismissed the appeal as untimely filed. IAF, Tab 14, Initial Decision (ID) at 1, 3. The administrative judge found that the appellant had not presented any reason for her delay in filing and that she had failed to exercise due diligence.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). An appellant bears the burden of proof by a preponderance of the evidence on the issue of timeliness. 5 C.F.R. § 1201.56(b)(2)(i)(B). Under the Board's regulations, the appellant was required to file her RIF appeal on or before January 14, 2019, or 30 days after the effective date of her RIF.[2]

---

[2] Because the filing deadline fell on January 12, 2019, a Saturday, it is extended until January 14, 2019. 5 C.F.R. § 1201.23. The administrative judge improperly stated that the appellant was required to file her appeal by January 12, 2019. ID at 2.

At midnight on December 22, 2018, the Board ceased all operations due to a partial Government shutdown.  PFR File, Tab 1 at 5-6.[3]  The Board issued a press release that notified the public that all filing and processing deadlines would be extended by the number of calendar days that the Board was shut down. *Id.*  On January 26, 2019, the Board resumed operations after being shut down for 35 days.[4]  Thus, the appellant's January 14, 2019 filing deadline was extended 35 days to February 18, 2019.

On review, the appellant argues that her appeal was timely filed in accordance with the instructions in the Board's press release concerning the partial shutdown.  *Id.* at 1-2, 5-6.  Although the appellant incorrectly asserts, without explanation, that her "new deadline" was March 5, 2019, *id.* at 2, we agree that she timely filed her appeal.  The administrative judge acknowledged that the appellant's filing deadline "fell during the [F]ederal [G]overnment shutdown and the Board was closed during this time," but she did not address the extension of filing deadlines.  ID at 2; PFR File, Tab 1 at 5-6.  The appellant filed her February 17, 2019 appeal 1 day prior to the extended filing deadline. Therefore, the appeal was timely filed.

The agency argues that the appellant's failure to respond to the timeliness order or provide any reason for her alleged filing delay demonstrates a lack of due diligence.  PFR File, Tab 3 at 8-10.  The record is clear that the appellant timely filed her appeal.  To dismiss this timely filed appeal because the appellant did not respond to the timeliness order would amount to a dismissal for failure to prosecute.  We find that such a severe sanction is not justified under the

---

[3] Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), *available at* https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During_a_Partial_Government_Shutdown_1580906.pdf (last visited May 10, 2024).

[4] *The Effects of the Partial Shutdown Ending in January 2019*, Congressional Budget Office, https://www.cbo.gov/system/files/2019-01/54937-PartialShutdownEffects.pdf (last visited May 10, 2024).

circumstances. *See Burnett v. Department of the Navy*, 71 M.S.P.R. 34, 37-38 (1996).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:       _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.